UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| NIKOLE HARRISS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:26-cv-177-CEA-MJD |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Nikole Harriss ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her benefits. Currently before the Court is Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") [Doc. 2].

Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or give security therefor." To proceed IFP, Plaintiff must submit an affidavit showing she cannot pay the filing fee while still being "able to provide [her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

---

[1] Although the statute uses the term "prisoner," § 1915 "applies to non-prisoner indigent litigants as well as prisoners." *Zarazoga v. Litton Loan Serv.*, No. 1:10-CV-4117-RWS-AJB, 2011 WL 13319891, at *1 n.2 (N.D. Ga. Jan. 28, 2011) (citations omitted). The Sixth Circuit has held that the use of the phrase "prisoner possesses" is a "typographical error in the final version of the statute," and that "Congress actually intended the phrase to be 'person possesses.'" *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997), *superseded on other grounds as stated in Owens v. Keeling*, 461 F.3d 763, 774 (6th Cir. 2006).

Plaintiff's IFP application indicates she has no income of any kind, that she has $430 in cash and in her checking account, and that she owns a car worth $12,000. She also owns a home worth $270,000, but it is subject to a $270,000 mortgage. She also owes $30,000 in student loans and $6,000 in taxes. She lists monthly expenses totaling $3,190. She does not directly explain how she pays these expenses; however, her spouse has a monthly income of $6,500, and they have no dependents. It is therefore obvious that Plaintiff's spouse pays for all of her living expenses, and Plaintiff offers no explanation as to why he cannot continue to do so and assist Plaintiff with payment of the filing fee. By far Plaintiff's largest expense is the monthly mortgage payment of $1,900, and presumably Plaintiff lives with her spouse, as she does not indicate otherwise. Even if all the other expenses besides the mortgage were doubled, the total monthly expenses would be far less than $6,500 ($1,900 + $1,290 + $1,290 = $4,480).

Accordingly, the record reflects Plaintiff is able to pay the filing fee while still being able to afford the basic necessities of life. The Court therefore **RECOMMENDS**[2] that Plaintiff's IFP Application [Doc. 2] be **DENIED**. Plaintiff should be given fourteen days to pay the filing fee in full, and if she does not, her case should be dismissed.

ENTER:

/s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).